1  Frank E. Schimaneck, Esq. (SBN 73912)
   Susan E. Foe, Esq. (SBN 148730)
2  DRYDEN, MARGOLES, SCHIMANECK & WERTZ
   A Law Corporation
3  505 Sansome Street, Sixth Floor
   San Francisco, CA 94111
4  Telephone: (415) 362-6715
   Facsimile: (415) 362-0638
5  Email: feschimaneck@drydenlaw.com; sefoe@drydenlaw.com

6  Attorneys for Defendant
   JLG INDUSTRIES, INC. (sued herein as JLG)
7

8

9                    **UNITED STATES DISTRICT COURT**

10                   **EASTERN DISTRICT OF CALIFORNIA**

11

12  ALEXANDRO AGUIRRE and RAFAEL        )   No.
    AGUIRRE,                            )
13                                      )   (Prior to removal, Stanislaus Superior Court
                                        )   Action No. 648980)
14            Plaintiffs,               )
                                        )   **DECLARATION OF SUSAN E. FOE IN**
15  v.                                  )   **SUPPORT OF REMOVAL OF ACTION**
                                        )   **UNDER 28 U.S.C. SECTION 1441(b)**
16  HOME DEPOT U.S.A., INC., a Delaware )   **(DIVERSITY)**
    corporation; JLG, and DOES 1 through 25, )
17  inclusive,                          )   _____
                                        )
18                                      )
              Defendants.               )
19                                      )
                                        )
20  _____)

21        I, Susan E. Foe, declare:

22        1.      I am an attorney duly authorized to practice law in all the courts of this state and am a

23  partner with the law firm of Dryden, Margoles, Schimaneck & Wertz, attorneys of record for

24  defendant JLG Industries, Inc. (sued herein as "JLG") in this action.

25        2.      I am informed and believe and thereon allege that defendant Home Depot U.S.A.,

26  Inc. was served with the First Amended Complaint on or about January 22, 2010.  Defendant JLG

27  Industries, Inc. was served with the First Amended Complaint and Doe Amendment on or about

28

**DRYDEN,**
**MARGOLES,**
**SCHIMANECK**
**& WERTZ**
505 SANSOME  STREET
SIXTH FLOOR
SAN FRANCISCO,
CALIFORNIA 94111
(415) 362-6715

- 1 -

DECLARATION IN SUPPORT OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(b) (DIVERSITY)

*Aguirre v. Home Depot U.S.A., Inc., et al.; USDC of the Eastern District, Action  No. _____*

1   January 26, 2010. A true and correct copy of the First Amended Complaint and the Service of

2   Process Transmittal is attached hereto as Exhibit A.

3       3.      The First Amended Complaint alleges that plaintiffs Alexandro and Rafael Aguirre

4   are residents of the state of California.

5       4.      Defendant JLG Industries, Inc. is a corporation incorporated in Pennsylvania.  Its

6   principal place of business is in Pennsylvania, and its corporate headquarters is in Maryland.

7       5.      I am informed and believe and thereon allege that defendant Home Depot, U.S.A.,

8   Inc. is a corporation incorporated in Delaware, with its principal place of business and corporate

9   headquarters in Georgia.

10      6.      This action is a civil action of which this Court has original jurisdiction under 28

11  U.S.C. §1441(b) in that it is a civil action between citizens of different states, and none of the

12  defendants are California citizens.

13      7.      This court has original jurisdiction under 28 U.S.C. §1332 and this action may be

14  removed pursuant to 28 U.S.C. §1442(b).  The parties, consisting of plaintiffs and defendants Home

15  Depot, U.S.A., Inc. and  JLG Industries, Inc. are diverse, and the defendants are not citizens of the

16  state of California.  The matter may be removed at this time.

17      8.      The First Amended Complaint alleges that on November 23, 2009, plaintiff

18  Alexandro Aguirre rented a JLG Pro-Boom 35 lift from Home Depot.  He was using the boom lift to

19  prune trees.  He alleges that it unexpectedly dropped down, causing his arm to fly back with a saw

20  pole, which contacted power lines.  The electrical contact resulted in second and third degree burns

21  and permanent scarring.  He has suffered great mental, physical and nervous pain and suffering, and

22  general damages in excess of $25,000.00.  He states causes of action for strict product liability,

23  negligence and breach of implied warranty.  Plaintiff Rafael Aguirre is Alexandro's father, and

24  witnessed the accident.  He states a cause of action for negligent infliction of emotional distress.

25      9.      On February 2, 2010, I spoke with plaintiffs' counsel, Ralph S. Curtis, Esq.  Mr.

26  Curtis said that Alexandro Aguirre suffered a jolt of electricity to his right arm, groin and back.  He

27  still suffers numbness, and has not yet recovered from his injuries.  He said that Rafael Aguirre

28

DRYDEN,
MARGOLES,
SCHIMANECK
& WERTZ

505 SANSOME  STREET
SIXTH FLOOR
SAN FRANCISCO,
CALIFORNIA 94111
(415) 362-6715

- 2 -

DECLARATION IN SUPPORT OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(b) (DIVERSITY)

*Aguirre v. Home Depot U.S.A., Inc., et al.; USDC of the Eastern District, Action  No. _____*

1 works with his son in his landscaping business. Rafael Aguirre witnessed the accident, and suffered

2 significant emotional distress, to the extent he has been unable to return to work.

3    10.    Defendant Home Depot U.S.A., Inc. consents to removal. A true and correct copy of

4 its Consent to Removal is attached as Exhibit B.

5    11.    Defendant JLG Industries, Inc. answered the First Amended Complaint on February

6 19, 2010. A true and correct copy of the answer is attached as Exhibit C.

7    I declare under the penalty of perjury under the laws of the State of California that the

8 foregoing is true and correct.

9    Executed this 22nd day of February 2010, at San Francisco, California.

10

11    Susan E. Foe, Declarant

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DRYDEN,
MARGOLES,
SCHIMANECK
& WERTZ
505 SANSOME STREET
SIXTH FLOOR
SAN FRANCISCO,
CALIFORNIA 94111
(415) 362-6715

DECLARATION IN SUPPORT OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(b) (DIVERSITY)

*Aguirre v. Home Depot U.S.A., Inc., et al.; USDC of the Eastern District, Action No. _____*

**EXHIBIT "A"**

1  RALPH S. CURTIS, SBN 60905
2  LORI A. REIHL, SBN 246395
   CURTIS LEGAL GROUP
3  A Professional Corporation
   1300 K Street, Second Floor
   Modesto, CA 95354
4  Telephone:    (209) 521-1800
   Facsimile:    (209) 572-3501
5
6  Attorneys for Plaintiffs
   Alexandro Aguirre and Rafael Aguirre

7

8

9            SUPERIOR COURT OF CALIFORNIA, COUNTY OF STANISLAUS

10

11 ALEXANDRO AGUIRRE and RAFAEL        Case No.  648980
   AGUIRRE
12              Plaintiffs,            FIRST AMENDED COMPLAINT FOR
                                       DAMAGES
13 v.

14 HOME DEPOT U.S.A., INC., a Delaware  Exceeds $25,000.00
   Corporation; JLG, and DOES 1 through 25,
15 inclusive,
                Defendants.
16 _____/

17      1.      Plaintiff ALEXANDRO AGUIRRE is, and at all times mentioned in this

18 complaint was, a resident of Stanislaus County, California

19      2.      Plaintiff RAFAEL AGUIRRE is the biological father of ALEXANDRO

20 AGUIRRE and at all times herein mentioned in this complaint was, a resident of Stanislaus

21 County, California.

22      3.      Plaintiffs are informed and believe, and thereon allege, Defendant HOME DEPOT

23 U.S.A., INC., hereinafter ("HOME DEPOT") is, and at all times mentioned in this complaint

24 was, a Delaware corporation, authorized and/or licensed to engage in, and engaging in, business,

25 including leasing construction and landscaping type equipment to the public at large, in the State

26 of California making Defendant subject to the laws of the State of California.

27      4.      Defendant, HOME DEPOT is, and at all times herein mentioned was, engaged in

28

                                                                              - 1 -

1   the business of leasing construction and landscaping type equipment, including boom lifts and

2   the JLG Pro-Boom 35 referred to in this complaint, for use by members of the general public.

3        5.     Plaintiffs are informed and believe, and thereon allege, Defendant manufacturer

4   JLG is, and at all times mentioned in this complaint was, a business entity, form unknown, and is

5   authorized and/or licensed to engage in, and engaging in, business in the State of California

6   making Defendant subject to the laws of the State of California.

7        6.     Defendant manufacturer JLG and DOES 1 and 2 are, and at all times herein

8   mentioned were, engaged in the business of designing, manufacturing, and assembling the Pro-

9   Boom 35 lift, including the JLG Pro-Boom 35 lift referred to in this complaint, for use by

10   members of the general public.

11        7.     Plaintiffs are ignorant of the true names and capacities of defendants sued herein

12   as Does 1 through 25, inclusive, and therefore, sues these defendants by those fictitious names.

13   Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

14   Plaintiffs are informed and believe and thereon allege that each of such fictitiously named

15   defendants is responsible in some manner, negligently or otherwise, for the incidents hereinafter

16   alleged and the damages suffered by plaintiffs as set forth herein.

17        8.     Plaintiffs are informed and believe and on this information and belief allege

18   that at all times mentioned in this complaint each of the defendants was the agent and employee

19   of each of the remaining defendants, and in doing the things alleged in this complaint, was acting

20   within the course and scope of this agency and employment.

21        9.     Plaintiffs are informed and believe and on this information and belief allege that

22   at all times mentioned in this complaint each of the defendants was in the business of

23   manufacturing, fabricating, assembling, inspecting, distributing, and/or leasing Pro-Boom 35

24   lifts, or parts of them and that each such defendant is responsible in some manner for placing the

25   Pro-Boom 35 lift, including the lift referenced in this complaint, or causing it to be placed, into

26   the stream of commerce, and that plaintiffs' injuries and damages as hereinafter alleged were

27   proximately caused by the acts of such defendants, and each of them.

28   //

## First Cause of Action
### (Strict Products Liability - Against All Defendants)

10.     Plaintiff incorporates paragraphs 1 through 9 as though fully set forth herein.

11.     On or about November 23, 2009, Plaintiff ALEXANDRO AGUIRRE rented a JLG Pro-Boom 35 lift ("boom lift") from the HOME DEPOT located at 1617 North Carpenter Road, Modesto, California, which defendants knew and intended was to be used by Plaintiff.

12.     On this date, Plaintiff ALEXANDRO AGUIRRE was using the boom lift for the purpose of pruning trees, a purpose for which it was intended to be used, and in the course of that use, the boom lift failed and unexpectedly dropped down, causing him to be thrown backward. This caused his arm, holding an extension saw, to fly back with the saw pole coming into contact with power lines resulting in serious electrocution to the Plaintiff.  The electrocution resulted in second and third degree burns and permanent scarring over Plaintiff ALEXANDRO AGUIRRE'S body.

13.     The boom lift at all times relevant as herein alleged, was defective and unsafe for its intended purpose by reason of a defect in its design, manufacture, and/or assembly which allowed it to malfunction and fail to descend properly.

14.     Defendant manufacturer JLG and Does 1 and 2, and lessor HOME DEPOT intended that the Pro-Boom 35 lifts, including the JLG Pro-Boom 35 lift referenced in this complaint, designed, manufactured, assembled, distributed and leased by them as hereinabove alleged, were to be used for the purpose of providing aerial access to users at a height up to 35 feet.

15.     At all times herein mentioned defendants knew that the equipment would be used and leased by members of the public and used by them without inspection for defects.

16.     As a proximate, direct, and legal result of the defect, Plaintiff ALEXANDER AGUIRRE was hurt and injured in his health, strength and activity, sustaining injury to his nervous system and person, all of which injuries have caused and continue to cause Plaintiff great mental, physical, and nervous pain and suffering.  Plaintiff is informed and believes and thereon

- 3 -

1  alleges that such injuries will result in permanent disfigurement and disability to him. As a result

2  of such injuries, Plaintiff has suffered general damages in an amount according to proof, but in

3  excess of Twenty-five Thousand Dollars ($25,000.00).

4        17.    As a further proximate, direct, and legal result of the defect, Plaintiff

5  ALEXANDER AGUIRRE has incurred, and will continue to incur, medical, surgical and related

6  expenses in an amount according to proof as the exact amount(s) are unknown to Plaintiff at this

7  time.

8        18.    As a further proximate result of the defect, Plaintiff ALEXANDER AGUIRRE

9  has incurred and will incur, loss of income, wages, business, profits, and other pecuniary losses,

10  the full nature and extent of which are not yet known to Plaintiff, all in an amount according to

11  proof as the exact amount(s) are unknown to Plaintiff at this time.

12        19.    Plaintiff is informed and believes, and thereon alleges that, Defendants, HOME

13  DEPOT, JLG, and DOES 1 through 25, inclusive, knew that the boom lift and/or its component

14  parts and/or constituents, manufactured, designed, assembled, distributed, sold, leased and/or

15  installed by them, was defective and dangerous in the manner alleged above; that the Defendants

16  knew that because of the defects, danger and hazard caused by the machine and/or its component

17  parts, and that said machine could not safely be used for the purpose(s) for which it was

18  intended; that Defendants, as identified herein, knowing that the said machine, and/or its

19  component parts, was defective and dangerous, despicably and in willful and conscious disregard

20  of the safety of the public, including Plaintiff, placed said device on the market and/or distributed

21  it without warning members of the public, including Plaintiff, of the dangerous nature of said

22  machine. In doing the things aforementioned, Defendants herein were guilty of malice,

23  oppression, and fraud, and a conscious and wanton disregard for Plaintiff's safety and well-being

24  as well as the safety and well-being of the general public; and Plaintiff is, therefore, entitled to

25  recover an award of punitive damages.

26  //

27  //

28  //

- 4 -

## Second Cause of Action
### (Negligence - Against All Defendants)

20.  Plaintiff incorporates paragraphs 1 through 9 as though fully set forth herein.

21.  At all times herein mentioned, defendants, and each of them, had a duty to properly design, manufacture, assemble, compound, test, inspect, distribute, lease and maintain the boom lift.

22.  At all times herein mentioned, defendants, and each of them, knew or in the exercise of reasonable care should have known that the Pro-Boom 35 lift was dangerous even if used in its intended purpose and was of such a nature that if not properly manufactured, assembled, compounded, tested, inspected, distributed, and/or maintained, it was likely to injure the person by whom it was being used.

23.  Defendants, and each of them, so negligently and carelessly designed, manufactured, assembled, compounded, tested, maintained or failed to maintain and/or inspect, said product that the same was defective, and a dangerous product, and unsafe for the use and purpose for which it was intended when used as recommended by defendants, and each of them.

24.  As a result of the negligence of each of the Defendants, said product failed and unexpectedly dropped down while being used by Plaintiff ALEXANDRO AGUIRRE, causing him to be thrown backward. This caused his arm, holding an extension saw that he was using, to fly back with the saw pole coming into contact with power lines resulting in serious electrocution to the Plaintiff. The electrocution resulted in second and third degree burns and permanent scarring over Plaintiff ALEXANDRO AGUIRRE'S body.

25.  As a proximate, direct, and legal result of the negligence of Defendants, and each of them, Plaintiff ALEXANDER AGUIRRE was hurt and injured in his health, strength and activity, sustaining injury to his nervous system and person, all of which injuries have caused and continue to cause Plaintiff great mental, physical, and nervous pain and suffering. Plaintiff is informed and believes and thereon alleges that such injuries will result in permanent disfigurement and disability to him. As a result of such injuries, Plaintiff has suffered general

1  damages in an amount according to proof, but in excess of Twenty-five Thousand Dollars

2  ($25,000.00).

3       26.    As a further proximate, direct, and legal result of the negligence of Defendants,

4  and each of them, Plaintiff ALEXANDER AGUIRRE has incurred, and will continue to incur,

5  medical, surgical and related expenses in an amount according to proof as the exact amount(s)

6  are unknown to Plaintiff at this time.

7       27.    As a further proximate result of the negligence of Defendants, and each of them,

8  Plaintiff ALEXANDER AGUIRRE has incurred and will incur, loss of income, wages, business,

9  profits and other pecuniary losses, the full nature and extent of which are not yet known to

10  Plaintiff, all in an amount according to proof as the exact amount(s) are unknown to Plaintiff at

11  this time.

12       28.    Plaintiff is informed and believes, and thereon alleges that, Defendants, HOME

13  DEPOT, JLG, and DOES 1 through 25, inclusive, knew that the boom lift and/or its component

14  parts and/or constituents,  manufactured, designed, assembled, distributed, sold, and/or installed

15  by them, was defective and dangerous in the manner alleged above; that the Defendants knew

16  that because of the defects, danger and hazard caused by the machine and/or its component parts,

17  and that said machine could not safely be used for the purpose(s) for which it was intended; that

18  Defendants, as identified herein, knowing that the said machine, and/or its component parts, was

19  defective and dangerous, despicably and in willful and conscious disregard of the safety of the

20  public, including Plaintiff, placed said device on the market and/or distributed it without warning

21  members of the public, including Plaintiff, of the dangerous nature of said machine.  In doing the

22  things aforementioned, Defendants herein were guilty of malice, oppression, and fraud, and a

23  conscious and wanton disregard for Plaintiff's safety and well-being as well as the safety and

24  well-being of the general public; and Plaintiff is, therefore, entitled to recover an award of

25  punitive damages.

26  //

27  //

28  //

### Third Cause of Action
#### (Breach of Implied Warranty)

29.     Plaintiff incorporates paragraphs 1 through 9 as though fully set forth herein.

30.     On or about November 23, 2009, Plaintiff ALEXANDRO AGUIRRE rented a JLG Pro-Boom 35 lift ("boom lift") from the HOME DEPOT located at 1617 North Carpenter Road, Modesto, California, which defendants knew and intended was to be used by Plaintiff.

31.     On this date, Plaintiff ALEXANDRO AGUIRRE was using the boom lift for its intended purpose of providing aerial access to prune trees.  At all relevant times defendants, and each of them, were aware of the intended use of the boom lift.

32.     Prior to and at the said time the defendants, and each of them, placed the lift on the market and leased the lift to the plaintiff, and prior to the time that plaintiff used the lift for the hereinbefore described purposes, defendants, and each of them, impliedly warranted to plaintiff that said product was of merchantable quality and safe for the use for which it was intended by the defendants, namely for safely providing aerial access to users at a height up to 35 feet.

33.     Plaintiff relied on the skill and judgment of defendants, and each of them, in selecting and leasing the said product, and at all relevant times was using the product in a foreseeably intended manner.

34.     Said product was not safe for its intended use, or of merchantable quality as warranted by defendant, in that the boom lift failed and unexpectedly dropped down while being used by Plaintiff ALEXANDRO AGUIRRE.

35.     Specifically, the boom lift failed and unexpectedly dropped down while being used by Plaintiff ALEXANDRO AGUIRRE, causing him to be thrown backward.  This caused his arm, holding an extension saw that he was using, to fly back with the saw pole coming into contact with power lines resulting in serious electrocution to the Plaintiff.  The electrocution resulted in second and third degree burns and permanent scarring over Plaintiff ALEXANDRO AGUIRRE'S body.

36.     After plaintiff was injured by said product and in the time and in the manner and

- 7 -

1  in the form prescribed by law, notice was given by plaintiff to defendants of the breach of said

2  implied warranties.

3        37.    As a proximate, direct and legal result of said defects in said product, resulting in

4  the breach of implied warranties of defendants, and each of them, as alleged above, Plaintiff

5  ALEXANDER AGUIRRE was hurt and injured in his health, strength and activity, sustaining

6  injury to his nervous system and person, all of which injuries have caused and continue to cause

7  Plaintiff great mental, physical, and nervous pain and suffering.  Plaintiff is informed and

8  believes and thereon alleges that such injuries will result in permanent disfigurement and

9  disability to him.  As a result of such injuries, Plaintiff has suffered general damages in an

10  amount according to proof, but in excess of Twenty-five Thousand Dollars ($25,000.00).

11        38.    As a further proximate, direct, and legal result of said defects in said product,

12  resulting in the breach of implied warranties of defendants, and each of them, as alleged above,

13  Plaintiff ALEXANDER AGUIRRE has incurred, and will continue to incur, medical, surgical

14  and related expenses in an amount according to proof as the exact amount(s) are unknown to

15  Plaintiff at this time.

16        39.    As a further proximate, direct, and legal result of said defects in said product,

17  resulting in the breach of implied warranties of defendants, and each of them, as alleged above,

18  Plaintiff ALEXANDER AGUIRRE has incurred and will incur, loss of income, wages, business,

19  profits and other pecuniary losses, the full nature and extent of which are not yet known to

20  Plaintiff, all in an amount according to proof as the exact amount(s) are unknown to Plaintiff at

21  this time.

22  **Fourth Cause of Action**
**(Negligent Infliction of Emotional Distress to Rafael Aguirre -**

23  **Against All Defendants)**

24  40.    Plaintiff incorporates paragraphs 1 through 9 as though fully set forth herein.

25

26  41.    At all times herein mentioned, Plaintiff RAFAEL AGUIRRE was present during

the incident described herein.

27  42.    Plaintiff RAFAEL AGUIRRE was watching his son, ALEXANDRO AGUIRRE

28

1    as he was in the boom lift at all relevant times and witnessed his son being electrocuted as a

2    result of the boom lift failing.  Plaintiff RAFAEL AGUIRRE personally witnessed and had a

3    contemporaneous understanding of his son's injury so as to support a claim for emotional distress

4    pursuant to <u>Dillon v. Legg</u> (1968) 68 Cal.2d 728.

5        43.    As a direct and legal result of the negligence of the defendants, Plaintiff RAFAEL

6    AGUIRRE sustained severe emotional distress and mental suffering.  Plaintiff was hurt in his

7    health, strength and activity, sustaining injury to his nervous system and person all of which

8    injuries have caused and continue to cause Plaintiff great mental, physical and emotional and

9    nervous pain and suffering.   As a result of these injuries, Plaintiff has suffered general damages

10   in an amount according to proof.

11       **WHEREFORE**, Plaintiffs, pray for judgment against Defendants, and each of them, as

12   follows:

13       <u>FIRST CAUSE OF ACTION</u>

14       1.    For general damages in an amount in excess of Twenty-five Thousand Dollars

15   ($25,000.00);

16       2.    For medical, hospital, and related expenses in an amount according to proof;

17       3.    For loss of earnings, profits, business and earning capacity in an amount according

18   to proof;

19       4.    For interest as allowed by law;

20       5.    For costs of suit herein incurred; and,

21       6.    For punitive damages in amount sufficient to punish defendants;

22       7.    For such other and further relief as the Court may deem just and proper;

23       <u>SECOND CAUSE OF ACTION</u>

24       1.    For general damages in an amount in excess of Twenty-five Thousand Dollars

25   ($25,000.00);

26       2.    For medical, hospital, and related expenses in an amount according to proof;

27       3.    For loss of earnings, profits, business and earning capacity in an amount according

28   to proof;

1      4.      For interest as allowed by law;

2      5.      For costs of suit herein incurred; and,

3      6.      For punitive damages in amount sufficient to punish defendants;

4      7.      For such other and further relief as the Court may deem just and proper;

5      THIRD CAUSE OF ACTION

6      1.      For general damages in an amount in excess of Twenty-five Thousand Dollars

7 ($25,000.00);

8      2.      For medical, hospital, and related expenses in an amount according to proof;

9      3.      For loss of earnings, profits, business and earning capacity in an amount according

10 to proof;

11      4.      For interest as allowed by law;

12      5.      For costs of suit herein incurred; and,

13      6.      For such other and further relief as the Court may deem just and proper;

14      FOURTH CAUSE OF ACTION

15      1.      For general damages for negligent infliction of emotional distress pursuant to

16      Dillon v. Legg;

17      2.      For interest as allowed by law;

18      3.      For costs of suit incurred;

19      4.      For such other relief as the court may deem proper.

20

21 DATED:    January _1_, 2010         CURTIS & ARATA
                                     A Professional Corporation

22

23                                  By

24                                  LORI A. REIHL, ESQ.
                                 Attorney for Plaintiffs

25                                  ALEXANDRO AGUIRRE and RAFAEL
                                 AGUIRRE

26

27

28

CT Corporation

**Service of Process Transmittal**
01/26/2010
CT Log Number 516062082

**TO:** Bryan Blankfield, Executive Vice President
Oshkosh Corporation
2307 Oregon Street
Oshkosh, WI 54902-7062

**RE:** **Process Served in California**

**FOR:** JLG Industries, Inc. (Domestic State: PA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Alexandro Aguirre and Rafael Aguirre, Pltfs. vs. Home Depot U.S.A., Inc., etc., et al. including JLG Industries, Inc., sued as Doe 1, Dfts. |
| **DOCUMENT(S) SERVED:** | Summons First Amended Complaint, Notice of Case Management Conference |
| **COURT/AGENCY:** | Stanislaus County, Superior Court, CA Case # 648980 |
| **NATURE OF ACTION:** | Product Liability Litigation - Breach of Warranty - JLG Pro-Boom 35 lift - boom lift failed and unexpectedly dropped down while being used by Pltf. - 11/23/2009 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/26/2010 at 14:45 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service - file written response // 04/26/2010 at 3:00 p.m. - Case Management Conference |
| **ATTORNEY(S) / SENDER(S):** | Ralph S. Curtis Curtis Legal Group A Professional Corporation 1300 K Street Second Floor Modesto, CA 95354 209-521-1800 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 792817412263 Image SOP Email Notification, Bryan Blankfield BBLANKFIELD@OSHTRUCK.COM Email Notification, Dawn Brown dabrown@oshtruck.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  1 / MV

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

EXHIBIT "B"

1  JOSHUA S. GOODMAN, ESQUIRE - State Bar #116576
   PAVAN L. ROSATI, ESQUIRE - State Bar #146171
2  JENKINS GOODMAN NEUMAN & HAMILTON LLP
   417 Montgomery Street, 10th Floor
3  San Francisco, California 94104
   Telephone: (415) 705-0400
4  Facsimile: (415) 705-0411

5  Attorneys for Defendant
   HOME DEPOT U.S.A., INC.

6

7

8                     UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  ALEXANDRO AGUIRRE and RAFAEL
    AGUIRRE,                                    Case No.
12
                              Plaintiff,        (Prior To Removal, Stanislaus Superior
13                                              Court Action No. 648980)
    vs.
14
    HOME DEPOT U.S.A., INC., a Delaware        **CONSENT OF DEFENDANT HOME**
15  Corporation; JLG, and DOES 1 through       **DEPOT U.S.A., INC. TO REMOVAL OF**
    25, inclusive,                              **ACTION**
16
                              Defendants.
17

18
    TO THIS COURT, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:
19
         Defendant HOME DEPOT U.S.A., INC. hereby consents to the removal of this action
20
    to this court requested by defendant JLG INDUSTRIES, INC. (sued herein as JLG).
21
    DATED: February 16, 2010             JENKINS GOODMAN NEUMAN
22                                        & HAMILTON LLP
23

24                                        By: PAVAN L. ROSATI
                                              _____
25                                            PAVAN L. ROSATI
                                              Attorneys for Defendant
26                                            HOME DEPOT U.S.A., INC.

                                   -1-
    CONSENT OF DEFENDANT HOME DEPOT U.S.A., INC. TO REMOVAL OF ACTION

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

EXHIBIT "C"



1   Frank E. Schimaneck, Esq. (SBN 73912)
    Susan E. Foe, Esq. (SBN 148730)
2   DRYDEN, MARGOLES, SCHIMANECK & WERTZ
    A Law Corporation
3   505 Sansome Street, Sixth Floor
    San Francisco, CA 94111
4   Telephone: (415) 362-6715
    Facsimile: (415) 362-0638
5   Email: feschimaneck@drydenlaw.com; sefoe@drydenlaw.com

6   Attorneys for Defendant
    JLG INDUSTRIES, INC. (sued herein as JLG)
7

8

9                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                         COUNTY OF STANISLAUS

11

12   ALEXANDRO AGUIRRE and RAFAEL          )   No. 648980
     AGUIRRE,                              )
13                                         )   JLG INDUSTRIES, INC.'S ANSWER TO
                    Plaintiffs,            )   FIRST AMENDED COMPLAINT and
14                                         )   DEMAND FOR JURY TRIAL
                                           )
15   v.                                    )
                                           )
16   HOME DEPOT U.S.A., INC., a Delaware   )   BY FAX
     corporation; JLG; and DOES 1 through 25, )
17   inclusive,                            )
                                           )
18                  Defendants.            )

19

20         COMES NOW defendant JLG INDUSTRIES, INC. (sued herein as DOE 1) and in response

21   to plaintiffs' unverified complaint, and each cause of action herein, and by virtue of the provisions

22   of California Code of Civil Procedure section 431.10, now files its general denial to said unverified

23   complaint and each cause of action thereof, and answering all of the allegations thereof, defendant

24   denies each and every allegation.  Defendant further specifically denies that plaintiffs have been

25   damaged in any sum or sums, or at all, as a result of any act or omission of this answering defendant.

26                        FIRST AFFIRMATIVE DEFENSE

27         Defendant alleges that the complaint, and each cause of action thereof, do not state facts

28   sufficient to constitute a cause of action against this answering defendant.

DRYDEN,
MARGOLES,
SCHIMANECK
& WERTZ                                      - 1 -
505 SANSOME STREET
SIXTH FLOOR
SAN FRANCISCO,
CALIFORNIA 94111
(415) 362-6715

118M240610095.tif - 2/19/2010 2:49:38 PM

1

## SECOND AFFIRMATIVE DEFENSE

2   Defendant alleges that plaintiffs were careless and negligent in and about the matters alleged

3   in the complaint, and each alleged cause of action thereof; that said carelessness and negligence on

4   said plaintiffs' own part proximately contributed to the happening of the incident and to the injuries,

5   loss and damages, if any there were; that should plaintiffs recover damages, defendant is entitled to

6   have the amount thereof abated, reduced or eliminated to the extent that plaintiffs' negligence

7   caused or contributed to its damages, if any.

8

## THIRD AFFIRMATIVE DEFENSE

9   Defendant alleges that plaintiffs acted with full knowledge of all the facts and circumstances

10  surrounding its injuries and assumed the risk of the matters causing its injuries and that said matters

11  of which plaintiffs assumed the risk proximately contributed to and proximately caused its injury, if

12  any.

13

## FOURTH AFFIRMATIVE DEFENSE

14  Defendant alleges that any and all events and happenings in connection with the allegations

15  contained in the plaintiffs' complaint and the resulting damages, if any, were proximately caused

16  and contributed to by the negligence of the plaintiffs in that said plaintiffs did not exercise ordinary

17  and reasonable care on their own behalf at the time and places referred to in said complaint, and

18  each alleged cause of action thereof, and therefore, the complaint is barred from any recovery which

19  they might otherwise have.

20

## FIFTH AFFIRMATIVE DEFENSE

21  Defendant alleges that any and all events and happenings in connection with the allegations

22  contained in the plaintiffs' complaint, and each alleged cause of action thereof, and the resulting

23  injuries and damages, if any, were proximately caused and contributed to by the negligence of the

24  plaintiffs in that said plaintiffs did not exercise ordinary and reasonable care on their own behalf at

25  the times and places referred to in said complaint, and each alleged cause of action thereof, and

26  damages therefore, if any, are barred or altered and must be reduced in proportion to the extent that

27  the plaintiffs' own negligence proximately contributed to their injuries.

28

DRYDEN,
MARGOLES,
SCHIMANECK
& WERTZ
505 SANSOME STREET
SIXTH FLOOR
SAN FRANCISCO,
CALIFORNIA 94111
(415) 362-6715

- 2 -

JLG INDUSTRIES, INC.'S ANSWER TO FIRST AMENDED COMPLAINT and DEMAND FOR JURY TRIAL

**SIXTH AFFIRMATIVE DEFENSE**

Defendant alleges that the sole proximate cause of the injuries and damages, if any, allegedly suffered by the plaintiffs were the negligence and fault of others than this answering defendant or on the part of any person, or entity for whose acts or omissions this answering defendant is not legally or otherwise responsible.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant alleges that the subject product and its component parts was not and were not used as instructed and intended, but was and were subjected to unforeseeable and unanticipated misuse, abuse, alteration and/or modification by plaintiffs, which said misuse, abuse, alteration and/or modification was and were the proximate cause of the injuries and damages, if any, allegedly suffered by the plaintiffs.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant alleges that the subject product and its component parts, was not and were not used as instructed and intended, but was and were subjected to unforeseeable and unanticipated misuse, abuse, alteration and/or modification by others than this answering defendant, which said misuse, abuse, alteration and/or modification was and were the proximate cause of the injuries, if any, allegedly suffered by the plaintiffs.

**NINTH AFFIRMATIVE DEFENSE**

Defendant alleges that any damages allegedly sustained by plaintiffs were either wholly or in part caused by persons, firms, corporations or entities other than this answering defendant and said negligence on the part of these other parties proximately contributed to any losses or damages, if any there were.

**TENTH AFFIRMATIVE DEFENSE**

Defendant alleges that the work done by this answering defendant was subjected to unforeseeable and unanticipated misuse, abuse, alteration and/or modification by others, which said misuse, abuse, alteration and/or modifications was and were the proximate cause of the damages, if any, allegedly suffered by the plaintiffs.

DRYDEN,
MARGOLES,
SCHIMANECK
& WERTZ
505 SANSOME STREET
SIXTH FLOOR
SAN FRANCISCO,
CALIFORNIA 94111
(415) 362-6715

- 3 -

JLG INDUSTRIES, INC.'S ANSWER TO FIRST AMENDED COMPLAINT and DEMAND FOR JURY TRIAL

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant alleges that the complaint is barred by reason of the failure of plaintiffs to give timely notice to this answering defendant of any work, product or services which the plaintiffs allege were defective, if any there were.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant alleges that if, in fact, there was a defect, which this defendant denies, the defect is one that was known or should have been known by plaintiffs.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that the complaint and each cause of action thereof are barred by laches.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that the plaintiffs' complaint, and each cause of action stated therein, is barred by the applicable Statute of Limitations.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that plaintiffs have failed to mitigate their damages, if any there were, and plaintiffs' failure has proximately and concurrently contributed to the happenings of the events referred to in the complaint and the damages alleged, if any there were.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that the damages, if any, sustained by plaintiffs were caused by an act of God or inevitable accident without any contribution on the part of this answering defendant.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that at the time of the injuries alleged in the complaint, plaintiffs were employed and were entitled to, did and will receive workers' compensation benefits from their employer; that plaintiffs' employer was negligent in and about the matters referred to in said complaint, and that such negligence on the part of said employer proximately and concurrently contributed to the happening of the accident and to the loss and damage complained of by plaintiffs, if any there were; and that by reason thereof, defendant is entitled to set off any such benefits received or to be received by plaintiff against any judgment which may be rendered in favor of plaintiffs herein.

DRYDEN,
MARGOLES,
SCHIMANECK
& WERTZ
505 SANSOME STREET
SIXTH FLOOR
SAN FRANCISCO,
CALIFORNIA 94111
(415) 362-6715

- 4 -

JLG INDUSTRIES, INC.'S ANSWER TO FIRST AMENDED COMPLAINT and DEMAND FOR JURY TRIAL

1

### EIGHTEENTH AFFIRMATIVE DEFENSE

2

This defendant received no notice of breach of warranty, if any there was, as required by law.

3

### NINETEENTH AFFIRMATIVE DEFENSE

4

Defendant alleges that there is a lack of privity between it and the plaintiffs and any warranty

5

provided to the purchaser does not extend to the plaintiffs.

6

### TWENTIETH AFFIRMATIVE DEFENSE

7

Defendant alleges that the plaintiffs have failed to forward the appropriate notice of breach

8

of warranty to this defendant.

9

### TWENTY-FIRST AFFIRMATIVE DEFENSE

10

Defendant alleges that the matters complained of by plaintiffs, if committed by this

11

defendant, were consented to by plaintiffs.

12

### TWENTY-SECOND AFFIRMATIVE DEFENSE

13

Plaintiffs were sophisticated users of defendant's product, as set forth in *Johnson v.*

14

*American Standard, Inc.* (2008) 43 Cal.4th 56, and had knowledge of properties, operation and risks

15

of the product.

16

### TWENTY-THIRD AFFIRMATIVE DEFENSE

17

Defendant alleges that plaintiffs' allegations of malice, oppression, fraud and conscious and

18

wanton disregard for plaintiffs' safety and wellbeing as to this defendant lack any foundation and are

19

untrue. Defendant designed and manufactured the subject product in conformity with applicable

20

industry standards and governmental regulations. Plaintiffs' allegations fail to conform with the

21

requirement of Civil Code § 3294 and applicable case law.

22

**WHEREFORE,** defendant prays that plaintiffs take nothing by way of said complaint, and

23

that it have judgment thereon, for costs of suit incurred herein, and for whatever and further relief

24

the Court deems just and proper.

25

DATED: February 18, 2010          **DRYDEN, MARGOLES, SCHIMANECK & WERTZ**

26

By: _____

27

Susan E. Foe
Attorneys for Defendant

28

JLG INDUSTRIES, INC.

DRYDEN,
MARGOLES,
SCHIMANECK
& WERTZ
505 SANSOME STREET
SIXTH FLOOR
SAN FRANCISCO,
CALIFORNIA 94111
(415) 362-6715

- 5 -

JLG INDUSTRIES, INC.'S ANSWER TO FIRST AMENDED COMPLAINT and DEMAND FOR JURY TRIAL

1

**DEMAND FOR TRIAL BY JURY**

2

Defendant JLG INDUSTRIES, INC. hereby demands trial by jury in this action.

3

DATED: February 18, 2010          **DRYDEN, MARGOLES, SCHIMANECK & WERTZ**

4

By: _____

5

Susan E. Foe
Attorneys for Defendant

6

JLG INDUSTRIES, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DRYDEN,
MARGOLES,
SCHIMANECK
& WERTZ
505 SANSOME STREET
SIXTH FLOOR
SAN FRANCISCO,
CALIFORNIA 94111
(415) 362-6715

- 6 -

JLG INDUSTRIES, INC.'S ANSWER TO FIRST AMENDED COMPLAINT and DEMAND FOR JURY TRIAL

1

### PROOF OF SERVICE

2       The undersigned declares: I am over the age of 18 years and not a party to the within action.

3   I am employed in the county where this service occurs.  My business address is 101 California Street, Suite 2050, San Francisco, California 94111.  On the date shown below I served the following document:

4

5   •   **JLG INDUSTRIES, INC.'S ANSWER TO FIRST AMENDED COMPLAINT and DEMAND FOR JURY TRIAL**

6   by placing a true copy thereof enclosed in a sealed envelope and served in the manner described below to the interested parties herein and addressed to:

7

8

| ATTORNEY FOR: | | ATTORNEY: |
|---|---|---|
| 1) | *Attorneys for Plaintiffs* | Ralph S. Curtis, Esq.<br>Lori A. Reihl, Esq.<br>CURTIS LEGAL GROUP<br>1300 K Street, Second Floor<br>Modesto, CA  95354<br>Tel:  (209) 521-1800<br>Fax: (209) 572-3501 |
| 2) | *Attorneys for Defendant Home Depot U.S.A., Inc.* | Pavan L. Rosati, Esq.<br>JENKINS GOODMAN NEUMAN & HAMILTON<br>417 Montgomery St., Tenth Floor<br>San Francisco, CA  94104<br>Tel: (415) 705-0400 office<br>Fax:(415) 705-0411 fax |

9

10

11

12

13

14

15

16

17   **X**   **MAIL:** I placed a true and correct copy thereof in a sealed envelope and caused such envelope(s) to be deposited in the mail at my business address, with postage thereon fully prepaid, addressed to the addressee(s) designated.  I am readily familiar with the business' practice of collecting and processing correspondence to be deposited with the United States Postal Service on that same day in the ordinary course of business.

18

19

20   **X**   **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

21

22   Executed on *February 18, 2010*, at San Francisco, California.

23

24   *Regan Balinton*

25

26

27

28

DRYDEN,
MARGOLES,
SCHIMANECK
& WERTZ
505 SANSOME STREET
SIXTH FLOOR
SAN FRANCISCO,
CALIFORNIA 94111
(415) 362-6715

JLG INDUSTRIES, INC.'S ANSWER TO FIRST AMENDED COMPLAINT and DEMAND FOR JURY TRIAL