Frank E. Schimaneck, Esq. (SBN 73912)
Susan E. Foe, Esq. (SBN 148730)
DRYDEN, MARGOLES, SCHIMANECK & WERTZ
A Law Corporation
505 Sansome Street, Sixth Floor
San Francisco, CA 94111
Telephone: (415) 362-6715
Facsimile: (415) 362-0638
Email: feschimaneck@drydenlaw.com; sefoe@drydenlaw.com

Attorneys for Defendants
JLG INDUSTRIES, INC.
and HOME DEPOT U.S.A., INC.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ALEXANDRO AGUIRRE and RAFAEL AGUIRRE,<br><br>          Plaintiffs,<br><br>v.<br><br>HOME DEPOT U.S.A., INC., a Delaware corporation; JLG, and DOES 1 through 25, inclusive,<br><br>          Defendants. | No. 1:10-CV-00311-LJO-GSA<br><br>**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**<br><br>Judge:      The Honorable Gary S. Austin<br>Courtroom:  10 |

The discovery sought by the parties in the above-styled case is likely to involve production of documents and things containing business, competitive, proprietary, trade secret or other information of a sensitive nature about the party (or of another person which information the party is under a duty to maintain in confidence), hereafter referred to as "Confidential Information," and witness testimony containing Confidential Information.  Accordingly, the parties having agreed to enter into this Confidentiality Stipulation and Protective Order ("the Order") to govern the production of documents and testimony that contains Confidential Information, and for good cause shown, the Court hereby ORDERS as follows:

### DESIGNATION OF CONFIDENTIAL INFORMATION

**1.**     ***Designation of Material.***  Documents and other things claimed to be or to contain Confidential Information shall, prior to production, be marked by the producing party as

"Confidential." Placement of the "Confidential" designation on each protected page or on the initial page of a protected document when it is produced shall constitute notice and shall designate the document as Confidential material. Copies, extracts, summaries, notes, and other derivatives of Confidential material also shall be deemed Confidential material and shall be subject to the provisions of this Order.

**2.** *Subsequent Designation.* Documents and/or materials produced in the litigation that are not identified as Confidential Information when they were initially produced may within a reasonable time thereafter be designated as Confidential by the producing party, or by the party or parties receiving the production, or by a person, by providing written notice to counsel for all other parties and to any person who may be involved. Each party or person who receives such written notice shall endeavor to retrieve any Confidential Information that may have been disseminated, shall affix a "Confidential" designation to it, and shall thereafter distribute it only as allowed by this Order. No distribution prior to the receipt of such written notice shall be deemed a violation of this Order.

**3.** *Designation of Depositions.* Depositions or portions thereof upon oral or written questions may be classified as Confidential Information either by an examining party's attorney or by an attorney defending or attending the deposition. A party claiming that a deposition or any portion thereof is Confidential Information shall give notice of such claim to the other affected parties and persons either prior to or during the deposition, or within twenty-eight (28) days after receipt of the deposition transcript, and the testimony taken and the transcript of such deposition or portion thereof shall be designated as Confidential.

**4.** *Modification of Designation.* The designation of Confidential Information by the producing party shall not be determinative and may be modified or eliminated at any time in one of two ways, as explained below.

(a) The producing party may agree in writing to downgrade or eliminate the Confidential designation concerning any material it produced.

(b) If the parties cannot agree as to the designation of any particular information or material after good faith discussion, the receiving party may move the Court to

DRYDEN,
MARGOLES,
SCHIMANECK
& WERTZ
505 SANSOME STREET
SIXTH FLOOR
SAN FRANCISCO,
CALIFORNIA 94111
(415) 362-6715

- 2 -

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

*Aguirre v. Home Depot U.S.A., Inc., et al.; USDC of the Eastern District, Action No. 1:10-CV-00311-LJO-GSA*

downgrade or eliminate the "Confidential" designation. The burden of proving that the information has been properly designated as protected shall be on the party who made the original designation.

## ACCESS TO CONFIDENTIAL INFORMATION

**5.** *General Access.* Except as otherwise expressly provided herein or ordered by the Court, Confidential Information may be revealed only as follows:

(a) To outside counsel for a party hereto (and secretaries, paralegals, and other staff employed in the offices of such outside counsel who are working on the litigation), provided that outside counsel who are not of record must first sign and deliver to counsel of record for each other party or parties a letter in the form of Exhibit A hereto.

(b) To the parties after they have been given a copy of this Confidentiality Stipulation by their outside counsel and signed a letter in the form of Exhibit A.

(c) To court reporters transcribing a deposition, hearing, or other proceeding in this matter who sign Exhibit A attached hereto (excluding court-appointed court reporters).

(d) To independent experts and independent consultants (meaning a person who is not an employee, officer, director, or owner in any capacity of a party and who is retained by a party or a party's outside counsel in good faith for the purpose of assisting in this litigation) who sign Exhibit A attached hereto.

Nothing herein shall prevent the producing party from showing the documents or information to an employee of that party.

**6.** *No Copies/Notes.* Except for internal use by outside counsel for the parties hereto, for Court and deposition copies, and for such use as is expressly permitted under the terms hereof, no person granted access to Confidential Information shall make copies, reproductions, transcripts, or facsimiles of the same or any portion thereof or shall take notes or otherwise summarize the contents of such Confidential Information.

DRYDEN,
MARGOLES,
SCHIMANECK
& WERTZ
505 SANSOME STREET
SIXTH FLOOR
SAN FRANCISCO,
CALIFORNIA 94111
(415) 362-6715

- 3 -

CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

*Aguirre v. Home Depot U.S.A., Inc., et al.; USDC of the Eastern District, Action No. 1:10-CV-00311-LJO-GSA*

1    **7.**    ***Disputes over Access.***  If a dispute arises as to whether a particular person should be
2    granted access to Confidential Information, the party seeking disclosure may move the Court to
3    permit the disclosure and must obtain an order of the Court before disclosing the information.

4                           <u>USE OF CONFIDENTIAL INFORMATION</u>

5    **8.**    ***Use in this Litigation Only.***  Confidential Information may be used only for purposes
6    of this litigation. Each person to whom the disclosure of any Confidential Information is made shall
7    not, directly or indirectly, use, disclose, or disseminate, or attempt to use, disclose, or disseminate,
8    any of the same except as expressly provided herein.

9    **9.**    ***Use at Depositions.***  If Confidential Information is to be discussed or disclosed during
10   a deposition, the producing party shall have the right to exclude from attendance at the deposition,
11   during the time the Confidential Information is to be discussed, any person not entitled under this
12   Order to receive the Confidential Information.

13   *10.*    ***Use at Court Hearings and Trial.***  Subject to the Federal [or state] Rules of
14   Evidence, Confidential Information may be offered into evidence at trial or at any hearing or oral
15   argument, provided that the proponent of the evidence containing Confidential Information gives
16   reasonable advance notice to the Court and counsel for the producing or designating party. Any party
17   may move the Court for an order that the evidence be received in camera or under other conditions to
18   prevent unnecessary disclosure. If presented at trial, the status of evidence as Confidential
19   Information shall not be disclosed to the finder of fact.

20   **11.**    ***Filing Under Seal.***  Each document filed with the Court that contains any
21   Confidential Information shall be filed in a sealed envelope or other appropriate sealed container on
22   which shall be set forth the title and number of this action, a general description or title of the
23   contents of the envelope, and a statement that the contents are Confidential and subject to a
24   Protective Order and that the envelope is not to be opened nor the contents thereof revealed except to
25   counsel of record in the litigation or court personnel, or pursuant to order of the Court.
26   Copies of such documents served on counsel for other parties shall be marked as
27   Confidential.

28   **12.**    ***Reasonable Precautions.***  Counsel for each party shall take all reasonable precautions

**DRYDEN,**
**MARGOLES,**
**SCHIMANECK**
**& WERTZ**
505 SANSOME STREET
SIXTH FLOOR
SAN FRANCISCO,
CALIFORNIA 94111
(415) 362-6715

- 4 -

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

*Aguirre v. Home Depot U.S.A., Inc., et al.; USDC of the Eastern District, Action No. 1:10-CV-00311-LJO-GSA*

to prevent unauthorized or inadvertent disclosure of any Confidential Information.

**13.**    *Return After Litigation.*  Within thirty (30) days of the final termination of this litigation by judgment, appeal, settlement, or otherwise, or sooner if so ordered by the Court, counsel for each party shall return to counsel for the party who furnished the same all items constituting, containing, or reflecting the other party's Confidential Information.

## OTHER PROVISIONS

**14.**    *Not an Admission.* Nothing in this Order shall constitute an admission by the party that information designated as Confidential is actually Confidential Information. Furthermore, nothing contained herein shall preclude the parties or a person from raising any available objection, or seeking any available protection with respect to any Confidential Information, including but not limited to the grounds of admissibility of evidence, materiality, trial preparation materials and privilege.

**15.**    *Miscellaneous.*  This Order shall apply to the production of all materials whether or not such materials are informally produced or produced in response to a formal discovery request or a Court order in this litigation. This Order may be used to protect the confidentiality of the residential addresses and social security numbers of the parties and of any and all current or former employees of either of the parties or their affiliates.

DATED:                                           **CURTIS LEGAL GROUP**
                                                 A Professional Corporation


                                        By: _____
                                            Peter B. Fisher
                                            Attorney for Plaintiffs
                                            Alexandro Aguirre and Rafael Aguirre

DATED:                                           **DRYDEN, MARGOLES, SCHIMANECK**
                                                 **& WERTZ**


                                        By: _____
                                            Frank E. Schimaneck
                                            Attorneys for Defendants
                                            JLG Industries, Inc. and Home Depot U.S.A., Inc.

DRYDEN, MARGOLES, SCHIMANECK & WERTZ
505 SANSOME STREET
SIXTH FLOOR
SAN FRANCISCO, CALIFORNIA 94111
(415) 362-6715

CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

*Aguirre v. Home Depot U.S.A., Inc., et al.; USDC of the Eastern District, Action  No. 1:10-CV-00311-LJO-GSA*

# ORDER

Pursuant to the stipulation of the parties, the Court adopts the protective order.[1]  However, the parties are advised that any documents that may need to be filed under seal must comply with Local Rule 141.

IT IS SO ORDERED.

Dated:   **March 23, 2011**                             /s/ **Gary S. Austin**
                                                                         UNITED STATES MAGISTRATE JUDGE

---

[1] Both parties have signed the original confidential stipulation and protective order.  (Doc. 26).

DRYDEN,
MARGOLES,
SCHIMANECK
 & WERTZ
505 SANSOME STREET
SIXTH FLOOR
SAN FRANCISCO,
CALIFORNIA 94111
(415) 362-6715

- 6 -

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

*Aguirre v. Home Depot U.S.A., Inc., et al.; USDC of the Eastern District, Action  No. 1:10-CV-00311-LJO-GSA*