# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDRO AGUIRRE and RAFAEL AGUIRRE,<br><br>    Plaintiffs,<br><br>    v.<br><br>HOME DEPOT U.S.A., INC., a Delaware corporation, JLG Industries, Inc.,<br><br>    Defendants. | 1:10-cv-00311 LJO GSA<br><br>**ORDER REGARDING PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**<br><br>(Document 28) |

**INTRODUCTION**

On April 20, 2011, Plaintiff Alexandro Aguirre and Rafael Aguirre filed a Motion for Leave to File Amended Complaint. (Docs. 28-31.) On May 10, 2011, Defendants Home Depot U.S.A., Inc. and JLG Industries, Inc. filed an opposition to the motion. (Doc. 34.) Thereafter, on May 18, 2011, Plaintiffs filed a reply to the opposition. (Docs. 35-37.)

//
//
//

1

On May 25, 2011, this Court determined the matter was suitable for decision without oral argument pursuant to Local Rule 230(g).[1]  The hearing scheduled for May 27, 2011, was vacated and the matter was deemed submitted for written findings.  (Doc. 39.)

## PROCEDURAL BACKGROUND

Plaintiffs filed a First Amended Complaint ("FAC") in the Stanislaus County Superior Court on or about January 13, 2010.  (Doc. 1, Ex. A.)  On February 19, 2010, Defendant JLG Industries, Inc. ("JLG") filed its answer to the FAC.  (Doc. 1, Ex. C.)

On February 22, 2010, Defendant JLG, with the consent of Defendant Home Depot U.S.A., Inc. ("Home Depot"), filed a Notice of Removal with this Court based upon diversity jurisdiction.  (Doc. 1 & Ex. B.)

On March 2, 2010, Home Depot filed its answer to the FAC.  (Doc. 8.)

The undersigned issued a Scheduling Conference Order in this matter on April 23, 2010.  (Doc. 14.)

On May 13, 2010, the parties filed a stipulation allowing for the filing of a Second Amended Complaint ("SAC") by Plaintiffs.  (Docs. 15-16.)  The Court adopted the stipulation in part.  (Doc. 18.)

On May 25, 2010, Plaintiffs filed the SAC.  (Doc. 21.)  On June 15, 2010, both Defendants filed an answer to the SAC.  (Docs. 22-23.)

On April 20, 2011, Plaintiffs filed the instant motion.  (Doc. 28.)

## DISCUSSION

The Federal Rules of Civil Procedure provide that a plaintiff may amend his complaint once "as a matter of course," and without leave of court, before a response has been filed.  Fed. R. Civ. P. 15(a)(1); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).  Here, Defendants filed a responsive pleading to Plaintiffs' SAC, thus, leave of Court is required.

---

[1] The Court carefully reviewed and considered all of the pleadings, including arguments, points and authorities, declarations, and exhibits.  Any omission of a reference to an argument or pleading is not to be construed that this Court did not consider the argument or pleading.

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides, in relevant part:

> ***Other Amendments***.  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

The United States Supreme Court has stated that

> [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

This policy is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citations omitted).  The Ninth Circuit has summarized the factors to be considered by the court to include: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and (4) futility of amendment.  *Loehr v. Ventura County Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984).  However, not all of these factors merit equal weight. *Eminence Capital, LLC, v. Aspeon, Inc.*, 316 F.3d at 1052.  It is the consideration of prejudice that carries the greatest weight.  *Id*.  Absent prejudice, or a strong showing of the remaining factors, there is a presumption in favor of granting leave to amend.  *Id*.

For the reasons that follow, the Court will grant Plaintiffs' motion to file a Third Amended Complaint ("TAC").

***Undue Delay & Prejudice***

Defendants challenge Plaintiffs' motion on the basis of undue delay and prejudice. Defendants contend the motion should be denied as Plaintiffs unduly delayed seeking to amend the complaint to add Compact Power Services, LCC ("Compact Power") as a defendant.

More particularly, Defendants contend that Plaintiffs were "clearly aware of Compact Power Services *at least* by August 2010." (Doc. 34 at 6, emphasis in original.)  This is so, argue Defendants, because Plaintiffs' August 26, 2010, request for production of documents references

3

"Compact Power Services." Thus, Plaintiffs delayed "at *least eight months*" prior to filing in the instant motion. (Doc. 34 at 6, emphasis in original.)

In reply, Plaintiffs explain that Compact Power was "vaguely mentioned as 'provider of maintenance/service on lifts" in Home Depot's initial disclosures. However, Plaintiffs state they were unaware of any specifics regarding this provider and thus "sought to clarify" Compact Power's role through discovery; thus the August 26, 2010, requests for production of documents were propounded.[2] (Doc. 35 at 2.) Additionally, Plaintiffs explain that despite granting Home Depot a number of extensions of time within which to respond to the discovery, Home Depot provided only objections, without any production of documents, on November 4, 2010. Thereafter, "the defense of Home Depot was tendered through an Order on a request for substitution of counsel" dated December 13, 2010. (Doc. 35 at 3; *see also* Doc. 25.) Following meet and confer efforts between the parties in February of this year (Doc. 35 at 3) and a stipulated protective order filed with the Court on March 22, 2011 (Doc. 35 at 3; *see also* Doc. 26), Plaintiffs eventually received 522 pages of responsive documents on April 8, 2011. Upon receipt of those documents, "it became clear" to Plaintiffs that Compact Power had "actually performed mechanical repairs and inspections on the boom lift" involved here. (Doc. 35 at 3.) Therefore, Plaintiffs assert their motion is in fact timely, having been filed within two weeks of learning the extent of Compact Power's involvement.

The Court agrees with Plaintiffs that Defendants will not suffer substantial prejudice, and also finds Plaintiffs did not unduly delay in seeking to amend their complaint to add a new defendant.

First, as pointed out by Plaintiffs, the scheduling order may be modified. Rule 16(b)(2) and (3) of the Federal Rules of Civil Procedure require district courts to enter scheduling orders

---

[2] A review of the discovery reveals the request for production of documents includes a single reference to Compact Power, to wit: "Any and all documents referencing, related to or evidencing any and all agreements between the responding party and Compact Power Services in any way related to the subject JLG Pro-Boom lift." (Doc. 30, Ex. 1 at 4, ¶ 22; *see also* Doc. 37, Ex. 1 at 4, ¶ 22.)

to establish deadlines for, among other things, "to file motions" and "to complete discovery." Modification of the scheduling order requires a showing of good cause. Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot be reasonably met despite the diligence of the party seeking the extension.'" *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). In *Johnson v. Mammoth Recreations Inc.*, the Ninth Circuit Court of Appeals explained:

> . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . . Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. . . . [T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d at 609.

Here, Plaintiffs have demonstrated good cause. Defendants' assertion that Plaintiffs delayed eight months is not well taken. Defendant Home Depot's own delay in responding to discovery accounts for nearly four months. Thereafter, additional delay occurred as the result of the tender of defense.

Moreover, Defendants' request "that the current Scheduling Order remain in place as to JLG and Home Depot so that no discovery may be propounded on JLG or Home Depot by any party" (Doc. 34 at 7) is denied. The scheduling order will not be modified to include piece meal deadlines and dates relevant only to one party or another, and Defendants have not provided any authority in support of their request.

The Court notes also that the jury trial before District Judge Lawrence J. O'Neill is set to commence April 30, 2012, or eleven months in the future. While Defendants are to be commended for their current efforts regarding the preparation of experts and trial at this stage (*see* Doc. 34 at 5), Defendants fail to specifically explain how those efforts will be hindered by the amendment of Plaintiffs' complaint. The proposed TAC asserts the same claims as

5

previously asserted; it seeks only to add a new defendant.  Thus the Court finds Defendants will not be hindered by the amendment.

Notably too, as pointed out by Plaintiffs, the statute of limitations on the claims alleged does not run until late November 2011.  Therefore, Defendants cannot show substantial prejudice where, were the Court to deny Plaintiffs' motion, Plaintiffs could file an entirely separate action against Compact Power that would be necessarily related to the instant action and would only serve to further tax this Court's overburdened judicial resources.

### *Bad Faith & Futility of Amendment*

Defendants do not oppose Plaintiffs' motion on the basis of bad faith or futility of amendment. (Doc. 34.)  Upon review of the pleadings, as well as the docket, this Court has found no evidence of bad faith.  The test for futility is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).  Accordingly, a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleading that would constitute a valid and sufficient claim or defense.  *Id*.  Here, the Court finds the requested amendment is proper, rather than futile.

## CONCLUSION AND ORDER

In light of the foregoing, the Court ORDERS as follows:

1. Plaintiffs' motion for leave to file a TAC (Doc. 28) is GRANTED.  Plaintiffs shall serve all parties with the TAC no later than June 30, 2011;

2. The Scheduling Conference Order previously issued by this Court on April 23, 2010, is hereby VACATED;

3. A further scheduling conference is set for **August 3, 2011, at 10:00 a.m.** in Courtroom 10 before the undersigned; and

//

//

4. The parties SHALL file a joint scheduling report one week prior to the further scheduling conference.

IT IS SO ORDERED.

Dated:   **June 3, 2011**            **/s/ Gary S. Austin**
                                     UNITED STATES MAGISTRATE JUDGE