# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDRO AGUIRRE and RAFAEL AGUIRRE,<br><br>Plaintiffs,<br><br>v.<br><br>HOME DEPOT U.S.A., INC., a Delaware Corporation; JLG; COMPACT POWER, INC.; and DOES 1 through 25 inclusive<br><br>Defendants. | 1:10-cv-0311 LJO GSA<br><br>ORDER GRANTING MOTION TO FILE A CROSS CLAIM<br><br>(Doc. 50) |

**I.   Introduction**

Pending before the court is Defendant, Home Depot U.S.A's ("Defendant or Home Depot") Motion for Leave to File a Cross Claim Complaint against Compact Power Equipment Services, LLC d/b/a Compact Power Inc., d/b/a Compact Power Equipment Services ("Compact"). (Doc. 50).   Plaintiffs have stipulated to the filing of the motion. (Doc. 50-2 at Exhibit A).  Compact has not filed an opposition.  The court has examined the motion and has determined that this matter is suitable for decision without oral argument pursuant to Local Rule 230(g) and (c).  The hearing scheduled for October 21, 2011 at 9:30 am is VACATED.  Upon an examination of the pleadings, the motion is GRANTED.

///

///

II.     **Procedural Background**

Plaintiffs Alexandro and Rafael Aguirre filed an amended complaint in the Stanislaus County Superior Court on January 13, 2010.[1] (Doc. 1-1). Defendants Home Depot and JLG were served with the amended complaint on January 22 and January 26, 2010 respectively, and removed the action to this Court on February 22, 2010 based on diversity jurisdiction. (Doc. 1).

The amended complaint alleges that on November 23, 2009, Plaintiff Alexandro Aguirre rented a boom lift from defendant Home Depot to perform landscaping work. Plaintiff Alexandro Aguirre used the boom lift to trim a tree with a pole saw. He alleges that the boom lift malfunctioned, throwing the pole saw into a power line. He was electrocuted and received second and third degree burns and permanent scarring over his body. As a result, Plaintiff experienced mental, physical, and psychological suffering. Alexandro's father, Rafael Aguirre, allegedly witnessed the accident and also suffered emotional distress. In the amended complaint, Plaintiff alleges strict products liability, negligence, breach of implied warranty, and negligent infliction of emotional distress to Raphael Aguirre against JLG, the manufacturer of the boom lift, and Home Depot, the lessor. (Doc. 1-1).

Home Depot tendered its defense to JLG Industries, Inc., which agreed to defend. On May 13, 2010, the parties filed a stipulation allowing Plaintiff to file a second amended complaint ("SAC") which the court adopted. (Docs. 16-19). Plaintiff filed a SAC on May 26, 2010. (Doc. 21). The Court subsequently granted leave to amend the complaint again and Plaintiff filed a Third Amended Complaint ("TAC") on June 7, 2011. (Docs. 28-32, 34-38, 40-41). The TAC alleges the same causes of action as the amended complaint but also added Compact Power Services, LLC as a defendant, alleging that the boom lift was improperly inspected, serviced and maintained by Compact. (Doc. 41).

Home Depot alleges that at the time of this incident it entered into an Equipment Rental and Maintenance Services Agreement ("Agreement") with Compact in which Compact agreed to perform repairs and maintenance on Home Depot equipment. (Doc. 50-2). Home Depot

---

[1] It is not clear from the record when Plaintiff filed the initial complaint in the Stanislaus County Superior Court.

contends that the Agreement requires Compact to defend and indemnify Home Depot in this action. Home Depot tendered its defense to Compact on July 8, 2011, however, Compact has not yet responded. Home Depot filed the instant motion on September 23, 2011, and seeks to file a cross claim for express and implied indemnity, contribution and declaratory relief against Compact so that these claims may be adjudicated along with the underlying action.

### III.   Discussion

The filing of a cross claim is governed by Federal Rule of Civil Procedure 13(g) which provides as follows :

> A pleading may state as a cross claim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action. The cross claim may include a claim that the coparty is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.

Fed. R. Civ. Proc. 13(g).

Here, it is uncontested that the claim at issue arises out of the same transaction and occurrence that is the basis of the subject matter of the original action. Moreover, because Home Depot and Compact had a service agreement, Compact may indeed indemnify Home Depot for the alleged misconduct in this action. Thus, handling all claims in one proceeding is the most efficient means to litigate this case. Additionally, the case is in the early stages of litigation so there is minimal prejudice to the parties. Finally, Plaintiffs have filed a stipulation agreeing to the filing of the cross claim and no opposition has been filed by Compact.

///
///
///
///
///
///
///
///
///

**IV. Conclusion**

Based on the above, Defendant Home Depot's Motion to File a Cross Claim against Compact is GRANTED. The cross claim is deemed filed the date that this order is signed. Compact shall file an answer to the cross complaint within twenty one days of the service of this order. The Clerk of the Court shall modify the docket to reflect the filing of the cross claim.

IT IS SO ORDERED.

Dated:   October 17, 2011                         /s/ Gary S. Austin
                                                 UNITED STATES MAGISTRATE JUDGE