# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDRO AGUIRRE and RAFAEL AGUIRRE,<br><br>              Plaintiffs,<br><br>       vs.<br><br>HOME DEPOT U.S.A., INC., et al.,<br><br>              Defendants.<br>_____/ | CASE NO. 1:10-cv-00311-LJO-GSA<br><br>**ORDER ON MOTION FOR SANCTIONS**<br>(Doc. 76) |

## I. INTRODUCTION

Plaintiffs Alexandro and Rafael Aguirre (collectively "plaintiffs") filed a personal injury suit against Home Depot U.S.A., Inc. ("Home Depot") and JLG Industries, Inc. ("JLG") (collectively "defendants") for injuries Alexandro[1] sustained while operating a JLG Pro-Boom 35 lift ("boom lift"). Now before the Court is plaintiffs' motion for sanctions against Home Depot for the alleged spoliation and destruction of evidence. Home Depot, joined by JLG, opposes the motion. Having considered the parties' arguments and submissions, plaintiffs' motion is GRANTED in part, and DENIED in part.

/ / /

/ / /

---

[1] Because plaintiffs have the same last name, this Court will refer to them individually by their first names in order to avoid confusion. No disrespect is intended.

1

## II. BACKGROUND

**A. Facts**

Alexandro operates a small landscaping business. On November 23, 2009, he rented a boom lift from the Home Depot Store in Modesto, California. He rented the boom lift in order to trim trees at an apartment complex. Plaintiffs allege that while Alexandro was on the elevated boom lift and holding a pole saw near electrical power lines the boom lift unexpectedly moved causing Alexandro to lose his balance. When this occurred, Alexandro threw his arms in the air and the pole saw he was holding made contact with a power line. As a result, Alexandro was shocked and suffered burns and scarring. Rafael, Alexandro's father, witnessed the incident.

Plaintiffs allege that prior to this incident, on July 24, 2009, Mark Curtis ("Mr. Curtis"), an employee of Compact Power Services, inspected the boom lift plaintiffs rented, determined that the "main boom cable was cut,"[2] and advised Home Depot that repairs needed to be made before the machine could be rented. (Doc. 78-1, p. 5-6, 12). Mr. Curtis gave Home Depot a quote for the cost of the repairs, Home Depot declined (Doc. 78-1, p. 12-13), and decided to do the repairs with its own personnel (Doc. 85-2, p. 25-26, 30, 35). After the repairs were made, the boom lift was rented thirteen times from August 27, 2009, to the day of Alexandro's accident. (Doc. 78-2, p. 21-22).

Subsequent to the accident, on December 3, 2009, Mr. Curtis inspected the boom lift again and determined that the wire boom cable harness needed to be replaced which, Mr. Curtis testified, was the same cable that needed to be replaced during his initial inspection. (Doc. 78-1, p. 15-17). Thereafter three experts, one hired by plaintiffs and two hired by defendants, inspected the machine and determined that it was working properly. (Doc. 78-3, p. 6; Doc. 82, p. 21; Doc. 83, p. 20). Home Depot signed interrogatories affirming that there had been no alterations or repairs to the boom lift after the accident. (Doc. 81, p. 3-4).

**B. Procedural History**

In January 2010, plaintiffs commenced the instant action in Stanislaus County Superior Court. (Doc. 1-1, p. 5). Defendants removed the action to this Court on February 22, 2010. (Doc. 1). Plaintiffs

---

[2] In Mr. Curtis' deposition he acknowledged that the term "main boom cable" was vague and that he should have been more detailed but his best guest regarding the term was that he was referring to the "control cable." (Doc. 78-1, p. 14).

allege the following claims: (1) strict products liability; (2) negligence; (3) breach of implied warranty; and (4) negligent infliction of emotional distress. (Doc. 41). Now before the Court is plaintiffs' motion for sanctions against Home Depot for the alleged spoliation and destruction of evidence. (Doc. 76). Plaintiffs request sanctions pursuant to the Court's inherent power and FED. R. CIV. P. 37. In the alternative, plaintiffs request the exclusion of evidence pursuant to FED. R. EVID. 403 and 402 and based on hearsay. Defendants oppose the motion (Doc. 85) and JLG requests judicial notice of the third amended complaint (Doc. 85-1). On August 9, 2012, the Court found this matter suitable for decision without oral argument and took the matter under submission, pursuant to Local Rule 230(g). (Doc. 104).

### III. DISCUSSION

**A. Request for Sanctions Pursuant to The Court's Inherent Power**

**1. Legal Standard**

"As soon as a potential claim is identified, a litigant is under a duty to preserve evidence which it knows or reasonably should know is relevant to the action." *In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060, 1067 (N.D. Cal. 2006). If relevant evidence is destroyed or spoliated "[a] federal trial court has the inherent discretionary power to make appropriate evidentiary rulings in response." *Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993). Sanctions pursuant to the Court's "inherent power[] must be exercised with restraint and should be appropriate to the conduct that triggered the sanction." *Apple Inc. v. Samsung Elec. Co., LTD.*, 2012 WL 3042943, at *1 (N.D. Cal. Jul. 25, 2012) (internal quotation marks omitted).

Generally, the Court may impose three types of non-monetary sanctions for the destruction or spoliation of evidence. First, the Court may "permit a jury to draw an adverse inference . . . against the party . . . responsible for that behavior." *Glover*, 6 F.3d at 1329. Second, the Court may order the exclusion of certain evidence, such as evidence that has been tampered with or witness testimony proffered by the party responsible for destroying the evidence and based on the destroyed evidence. *Id.*; *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368-69 (9th Cir. 1992). Finally, the Court may dismiss the claim of the party responsible for destroying the evidence or, where the accused party is a defendant, enter default judgment as to a claim or claims. *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006).

**2. Repair Orders for Repairs Made Prior to the Accident**

Plaintiffs contend that sanctions are warranted because Home Depot destroyed repair orders which showed that the cable was repaired prior to the accident. Plaintiffs base their argument on Lizbeth Lange's ("Ms. Lange") testimony that Home Depot would have had a copy of the repair order if the repairs were made. Plaintiffs argue that because there are no repair orders, the documentation has been destroyed and Home Depot should be sanctioned for this destruction. Plaintiffs request the exclusion of any evidence that the cable was repaired or a jury instruction indicating that no repairs were made prior to the date of the accident.

"[A] litigant is under a duty to preserve evidence which it knows or reasonably should know is relevant to the action." *In re Napster*, 462 F. Supp. 2d at 1067. Here, the record shows that a repair order was never prepared thus, there was nothing for Home Depot to preserve. Ms. Lange, a Home Depot employee, testified that she knew William "Pat" Gamble ("Mr. Gamble"), a former technician for the Home Depot store in Modesto, started the repairs on the boom lift but she could not recall the final outcome. (Doc. 78-2, p. 6). When asked if Home Depot would have a copy of the repair order if the repairs were made, she responded in the affirmative. (Doc. 78-2, p. 6). When asked if a conclusion could be drawn from the fact that there was no repair order she stated, "I don't know." (Doc. 78-2, p. 6). Mr. Gamble's declaration provides that he repaired the boom lift and that he did not recall if he wrote a work order for the repairs. (Doc. 85-2, p. 35). Because the record does not indicate that a repair order was ever prepared, there may have been nothing for Home Depot to preserve.

Plaintiffs' request for sanctions for the alleged destruction of the repair order is DENIED.

**3. Rental Transaction Documents**

Plaintiffs request sanctions for Home Depot's failure to preserve the rental transaction documents for the rentals that occurred from July 24, 2009 to the date of the accident. Plaintiffs request an adverse jury instruction or exclusion of evidence.

**a. Adverse Jury Instruction**

The Court may permit a jury to draw an adverse inference against a party responsible for the destruction of evidence. *Glover*, 6 F.3d at 1329.

To decide whether to impose an adverse inference sanction based on spoliation,

4

> several California district courts have adopted the Second Circuit's test requiring that a party seeking such an instruction establish that: "(1) the party having control over the evidence had an obligation to preserve it; (2) the records were destroyed with a culpable state of mind; and (3) the destroyed evidence was relevant to the party's claim or defense."

*Lewis v. Ryan*, 261 F.R.D. 513, 521 (S.D. Cal. 2009) (quoting *Residential Funding Corp. v. DeGeore Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002)). Plaintiffs satisfy the first two prongs of the Second Circuit's test but fail to satisfy the third.

Home Depot had control over the rental transaction documents and had an obligation to preserve them. "As soon as a potential claim is identified, a litigant is under a duty to preserve evidence which it knows or reasonably should know is relevant to the action." *In re Napster,* 462 F. Supp. 2d at 1067. Once the duty to preserve attaches, a litigant is "required to suspend any existing policies related to deleting or destroying files and preserve all relevant documents related to the litigation." *Id.* at 1070.

When plaintiffs requested the names, addresses, and phone numbers of those who rented the boom lift between August 27, 2009 and November 23, 2009, Home Depot explained that the documents no longer existed pursuant to its records' management policy. (Doc. 80, p. 4-7). Under Home Depot's records' management policy, rental transactions are retained for at least one year and then sent to a storage facility for shredding. (Doc. 80, p. 8:5-7). Pursuant to Home Depot's policy, the documents were shredded no earlier than August 27, 2010. Home Depot became aware of the lawsuit in January 2010. (Doc. 80, p. 12:22). Thus, Home Depot was aware of plaintiffs' claims for nearly eight months before it shredded the documents. Home Depot would have reason to know that the documents were relevant to the action because the documents contained the contact information for those who previously rented the machine and thus, could testify regarding the machine's performance. Accordingly, Home Depot had control over the documents and an obligation to preserve them.

In addition, Home Depot destroyed the documents with a culpable state of mind. The "culpable state of mind" factor "is satisfied by a showing that the evidence was destroyed knowingly, even if without intent to breach a duty to preserve it, or negligently." *Residential Funding Corp.*, 306 F.3d at 108 (internal quotation marks omitted). Home Depot destroyed the documents pursuant to its records' management policy. (Doc. 80, p. 4-7). Accordingly, Home Depot was at least negligent in not

5

suspending its records' management policy in order to preserve the documents.

Where plaintiffs' claim falters is in their inability to show that the destroyed evidence was relevant to their claim. In order to show that the destroyed evidence was relevant, the party seeking the adverse inference "must adduce sufficient evidence from which a reasonable trier of fact could infer that the destroyed . . . evidence would have been of the nature alleged by the party affected by its destruction." *Id*. at 109 (internal quotation marks omitted). Plaintiffs acknowledge that the substance of the destroyed evidence is unknown but argue that it is possible that the documents would have produced evidence that the boom lift malfunctioned for those who rented the boom lift before plaintiffs. (Doc. 77, p. 11). Because there is no evidence in which it can be inferred that the destroyed evidence would show that the boom lift malfunctioned for prior renters, plaintiffs have failed to show that the destroyed evidence may have been relevant to their claim. Hence, an adverse jury instruction for the destruction of the rental transaction documents is unwarranted.

**b. Exclusion of Evidence**

Plaintiffs also request the exclusion of evidence which shows that Home Depot did not receive any complaints regarding the boom lift between August 27, 2009 and November 23, 2009, and the exclusion of evidence that the machine worked properly during the prior rentals.

The Court may order the exclusion of certain evidence, such as witness testimony proffered by the party responsible for destroying the evidence and based on the destroyed evidence, whose use at trial would unfairly prejudice the opposing party. *Unigard Sec. Ins. Co.*, 982 F.2d at 368-69 (upholding the district court's exclusion of plaintiff's expert testimony based on evidence plaintiff destroyed two years before filing suit). Home Depot destroyed the rental transaction documents for the rentals that occurred between August 27, 2009 and November 23, 2009. Whether these documents show that the boom lift previously malfunctioned or was running smoothly is unknown. However, to allow Home Depot to present evidence that it did not receive any complaints regarding the boom lift or evidence that the boom lift was working properly during this period would unfairly prejudice plaintiffs. Plaintiffs would be unable to cross examine the renters regarding the circumstances in which they were using the boom lift and how the boom lift performed.

Accordingly, plaintiffs' request to exclude evidence which shows that Home Depot did not

receive any complaints regarding the boom lift between August 27, 2009 and November 23, 2009 and plaintiffs' request to exclude evidence which shows that the boom lift worked properly during the rentals that occurred from August 27, 2009 until November 23, 2009, is GRANTED.

**4. Alleged Repair Subsequent to the Accident**

Plaintiffs argue that sanctions are warranted because the record indicates that Home Depot altered or repaired the boom lift after Mr. Curtis inspected the boom lift in December and before the three experts performed their inspections. Plaintiffs request a default judgment against Home Depot as a result of this misconduct.

"Dismissal is an available sanction when a party has engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings because courts have inherent power to dismiss an action when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice." *Leon*, 464 F.3d at 958 (internal quotation marks omitted). "For dismissal to be proper, the conduct to be sanctioned must be due to willfulness, fault, or bad faith." *Anheuser-Busch, Inc. v. Natural Beverage Distrib.*, 69 F.3d 337, 348 (9th Cir. 1995) (internal quotation marks omitted).

Plaintiffs have failed to show that Home Depot deliberately engaged in deceptive practices because there is insufficient evidence to show that Home Depot repaired the boom lift after Mr. Curtis inspected the machine and before the experts' inspections.[3] On December 3, 2009, ten days after the accident, Mr. Curtis inspected the boom lift and determined that the wire boom cable harness still needed to be replaced. (Doc. 78-1, p. 15-17). Thereafter three experts, one hired by plaintiff and two hired by defendants, inspected the machine and determined that it worked properly. (Doc. 78-3, p. 6; Doc. 82, p. 21; Doc. 83, p. 20). Plaintiffs argue that because none of the experts noted anything wrong with the wire boom cable harness, this shows that Home Depot repaired the machine after Mr. Curtis' inspection.

---

[3] Some circuits require clear and convincing evidence of litigation misconduct before allowing the imposition of a default sanction. *See e.g.*, *Shepherd v. American Broadcasting Cos.*, 62 F.3d 1469, 1477 (D.C. Cir. 1995). The Ninth Circuit has yet to address what standard of proof is appropriate. *See Lewis v. Ryan*, 261 F.R.D. 513, 519 n.2 (S.D.Cal. 2009); *In re Napster*, 462 F. Supp. 2d at 1072. Even under the lower preponderance of evidence standard, plaintiffs have failed to show that Home Depot repaired the boom lift.

1  The mere fact that Mr. Curtis determined that the wire boom cable harness still needed to be replaced
2  and the fact that the experts determined that the boom lift worked properly does not show that Home
3  Depot repaired the boom lift.
4       Plaintiffs' own expert stated that he did not see "any evidence to suggest that the lift [had] been
5  repaired since the accident." (Doc. 78-3, p. 6). In addition, plaintiffs' expert stated that if Alexandro's
6  recollection and account of the facts surrounding the accident are correct, the problem could be
7  intermittent in nature, (Doc. 78-3, p. 6), which would explain how the boom lift could have
8  malfunctioned previously but worked properly when inspected by the experts. Moreover, plaintiffs'
9  expert further explained that damage to the main boom cable harness electrical wires "may explain
10 intermittent, erratic operation of the boom lift." (Doc. 78-3, p. 7). Thus, simply because the boom lift
11 operated properly when inspected by the experts does not show that the main boom cable harness was
12 repaired prior to the experts' inspections.
13      Plaintiffs' request for sanctions for the alleged repair of the boom lift subsequent to the accident
14 is DENIED.
15 **B. Request for Sanctions Pursuant to FED. R. CIV. P. 37**
16      Plaintiffs request the exclusion of evidence showing that the boom lift was repaired prior to the
17 accident because Home Depot has failed to disclose this information despite numerous requests. FED.
18 R. CIV. P. 37(c) allows for the exclusion of evidence for failure to disclose information required by Rule
19 26(a) or 26(e)(1). Home Depot did not fail to disclose information regarding repair of the boom lift prior
20 to the accident. Terry Brewer ("Mr. Brewer") and James Dullard's ("Mr. Dullard") deposition
21 testimony and Mr. Gamble's declaration all show that Home Depot personnel repaired the boom lift.
22 (Doc. 85-2, p. 25-26, 30, 35). Thus, plaintiffs' request to exclude evidence of the repairs is DENIED.
23      Plaintiffs also request the exclusion of "evidence of rental transaction documents" for the rentals
24 that occurred from July 24, 2009 until the date of the accident and any evidence relating to these
25 transactions. Plaintiffs argue that the documents should be excluded because Home Depot has failed
26 to disclose the documents. As discussed above, Home Depot destroyed the rental transaction documents
27 pursuant to its records' management policy. (Doc. 80, p. 4-7). Thus, there is no need to order the
28 exclusion of the documents because they do not exist. The exclusion of evidence related to these

transactions is unwarranted because plaintiffs have failed to show that Home Depot failed to provide the related evidence as required by FED. R. CIV. P. 26(a) or (e). *See* FED. R. CIV. P. 37(c). Thus, plaintiffs' request to exclude the rental transaction documents for the rentals that occurred between July 24, 2009, and the date of the accident and evidence related to these transactions is DENIED.

**C. Request to Exclude Evidence Pursuant to FED. R. EVID. 403**

Plaintiffs request the exclusion of the following pieces of evidence: (1) evidence that repairs were made to the boom lift following the July 2009 inspection and prior to the accident; (2) rental transactions following the July 2009 inspection and prior to the accident; and (3) the opinions of Home Depot's experts.

FED. R. EVID. 403 allows a Court to exclude relevant evidence if its probative value is substantially outweighed by a danger of: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Plaintiffs request the exclusion of all evidence that repairs were made following the July 2009 inspection and prior to the accident. Plaintiffs argue that admittance of the evidence would be unfairly prejudicial for the reasons delineated in the spoliation section of their motion. Plaintiffs' prejudice argument in the spoliation section of its motion is premised on the fact that no repairs were made and evidence documenting the repairs was destroyed. (Doc. 77, p. 7). As discussed above, Mr. Brewer and Mr. Dullard's deposition testimony and Mr. Gamble's declaration all show that Home Depot personnel repaired the boom lift. (Doc. 85-2, p. 25-26, 30, 35). This evidence is not unfairly prejudicial because plaintiffs will have the opportunity to cross examine the trial witnesses, just as they did during discovery. Thus, plaintiffs request to exclude evidence that repairs were made following the July 2009 inspection and prior to the accident is DENIED.

Plaintiffs also request the exclusion of evidence of rental transactions that occurred following the July 2009, inspection because they have not had a fair chance to investigate these transactions. Plaintiffs contend that the probative value of the transactions is outweighed by the prejudicial impact. Because Home Depot cannot present evidence to show that it did not receive any complaints regarding the boom lift for the rentals that occurred following the July 2009 inspection, *see* section III.A.3.b, *supra*, evidence that the rental transactions occurred is not relevant. Accordingly, plaintiffs' request to exclude

evidence of the rental transactions that occurred following the July 2009 inspection is GRANTED.

Finally, plaintiffs request the exclusion of the opinions of Home Depot's experts given that Home Depot repaired the boom lift before the experts inspected the machine. As discussed above, plaintiffs have presented no evidence to show that the boom lift was repaired after the accident and prior to the experts' inspections. Therefore, plaintiffs request to exclude the opinions of Home Depot's experts is DENIED.

Plaintiffs' request to exclude evidence pursuant to FED. R. EVID. 403 is GRANTED in part, and DENIED in part.

**D. Request to Exclude Evidence Pursuant to FED. R. EVID. 402**

Plaintiffs contend that the experts' opinions based on their inspections of the boom lift after it was repaired are not relevant under FED. R. EVID. 402 and should be excluded because the opinions have no bearing on the state of the boom lift at the time of the accident. As discussed above, plaintiffs have presented no evidence to show that the boom lift was repaired after the accident and prior to the experts' inspections.

Plaintiffs' request to exclude evidence pursuant to FED. R. EVID. 402 is DENIED.

**E. Hearsay Objections**

Plaintiffs assert that any evidence of prior rental transactions and whether the lift operated properly during the prior rentals should be excluded as hearsay because the statements were made by individuals whom plaintiffs cannot cross examine. Because plaintiffs' request is not specific enough to rule on, all hearsay objections will be dealt with during the summary judgment or trial phase of this action.

**F. Request for Judicial Notice**

JLG joins with Home Depot's opposition and requests judicial notice of plaintiffs' third amended complaint for damages filed on June 7, 2011. (Doc. 85-1). Because it is unnecessary to take judicial notice of documents already in the record, *see e.g.*, *Lew v. U.S. Bank Nat. Ass'n*, 2012 WL 1029227, *1 n.1 (N.D. Cal. Mar. 26, 2012), JLG's request is DENIED.

**IV. CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1. DENIES plaintiffs' request for sanctions for the alleged destruction of the repair order pursuant to the Court's inherent power;

2. GRANTS plaintiffs' request to exclude evidence which shows that Home Depot did not receive any complaints regarding the boom lift between August 27, 2009 and November 23, 2009 and plaintiffs' request to exclude evidence which shows that the boom lift was working properly during the rentals that occurred from August 27, 2009 until November 23, 2009 pursuant to the Court's inherent power;

3. DENIES plaintiffs' request for sanctions for the alleged repair of the boom lift subsequent to the accident pursuant to the Court's inherent power;

4. DENIES plaintiffs' request for sanctions pursuant to FED. R. CIV. P. 37;

5. GRANTS in part, and DENIES in part plaintiffs' request to exclude evidence pursuant to FED. R. EVID. 403;

6. DENIES plaintiffs' request to exclude evidence pursuant to FED. R. EVID. 402; and

7. DENIES JLG's request for judicial notice.

IT IS SO ORDERED.

**Dated:   August 22, 2012                    /s/ Lawrence J. O'Neill**

UNITED STATES DISTRICT JUDGE